

# THE ATTORNEY GENERAL
# OF TEXAS

Grover Sellers
XXXXXXXXXXXXXXXX
ATTORNEY GENERAL

AUSTIN 11, TEXAS

Miss Ann F. Ware, Executive Secretary
Texas National Guard Armory Board
Room 1603 Second National Bank Bldg.
Houston, Texas

> Opinion No. O-6425
> Re:   Approval of expense account
> of member of Texas National Guard
> Armory Board.

Dear Miss Ware:

Your request for our opinion on the hereinabove cap-
tioned matter has been received by this Department.  We quote
from your letter as follows:

"Permit me to hand you herewith a file of papers
containing the Armory Board's voucher #2 against Appro-
priation G-198 in favor of Walter B. Pyron, member of
the Texas National Guard Armory Board, which voucher
has been approved by the Armory Board, the Governor
and the Adjutant General for payment.  Attached to this
voucher are certain receipts.

"When the voucher had been approved it was passed
to the Comptroller who has written the Armory Board
under date of February 14th calling attention to your
opinion O-6135 which he appears to construe as holding
an account such as General Pyron's account cannot be
paid.  He suggests that, if the Armory Board does not
agree with him, the account be submitted to you for
your advice.

"Upon receipt of the Comptroller's letter the
Armory Board requested Col. Wren to give his views in
the matter and I am enclosing herewith his letter bear-
ing the same date as this letter on the subject.

"This is to request that you advise whether or not,
in your opinion, General Pyron's account can be paid.
It is in all respects similar to two former accounts
covering trips between Washington and Houston which were
paid without question.

"Relying upon the precedents of the other two trips
General Pyron has expended his personal funds in the
matter and it will be unfortunate indeed if the account
cannot be paid."

Section 1 of Article 5890b, Vernon's Annotated Civil Statutes, reads in part as follows:

"There is hereby created the Texas National Guard Armory Board to be composed of five (5) members who shall serve without compensation other than their actual, necessary expenses while traveling on the business of the Board. Those three (3) individuals who are acting as members of the Texas National Guard Armory Board as created and defined by Chapter 366 of the Regular Session of the Forty-fifth Legislature of the State of Texas on the effective date of this Act, together with the senior active officer of the National Guard of Texas, not of the three (3) above mentioned, and the senior cavalry officer of said Guard, shall constitute the initial membership of the Board created by this Act. Of the three (3) individuals first above mentioned, the oldest shall have the initial term of six (6) years, the next oldest the four (4) year and the youngest of the three (3) the two (2) year initial term. Of the other two (2) members, the cavalry officer shall have the three (3) year term, and the other the one (1) year term. All such initial terms shall date from the date this Act becomes effective. Except as above provided, the terms of membership on said Board shall be of six (6) years' duration.

"Each member of said Board shall, within fifteen (15) days from the day upon which this Act becomes effective, or from the date of his receipt of notice of his eligibility to serve to fill a vacancy, qualify by taking and filing with the Secretary of State the constitutional oath of office. Failure to qualify, expiration of the term of a member, or the occurrence of his death, resignation or ineligibility to serve, shall create a vacancy in such membership which shall be filled in the following manner: Within five (5) days after the occurrence of a vacancy the Adjutant General of Texas shall certify to the Secretary of State and to the officer concerned, the name of the senior active officer of the National Guard of Texas who is not then occupying an unexpired term as a member of said Board, together with the length of term in which the vacancy exists. The officer whose name is so certified, or those later certified as hereinafter provided, shall be eligible to fill such vacancy. In case such officer shall, for any reason, fail to qualify within a period of fifteen (15) days from the date of such certification, the said Adjutant General

shall forthwith certify that fact to the Secretary of State, and shall certify to him and to the officer concerned the name of the next senior active officer of the said Guard in like manner as hereinabove provided, and so on until an officer so certified qualifies to fill the vacancy.

"An active officer, within the meaning of the above-provisions, shall be any regularly commissioned officer of the line of the said Guard, other than retired officers. No change in military status while a member and no retirement of an active officer for age or length of service shall affect his eligibility to serve out his term as a member of said Board; but if he shall resign from or be separated from active service in said National Guard, otherwise than by such retirement, he shall thereby become ineligible for designation to or service on the membership of said Board."

The Supreme Court of Texas in Texas Nat. Guard Armory Board v. McCraw, 126 S.W. (2d) 627, said:

". . . we conclude that the statute creating the Armory Board deals distinctly with the military and is not limited by the provisions of the Constitution applying to the civil officers of the government."

The above holding by the Supreme Court definitely removes members of the Armory Board from the class of civil officers, and consequently that part of Section 14 of Article 16 of the Texas Constitution providing that "all civil officers shall reside within the State" has no application to said board members.

Section 1 of Article 5890b, supra, provides that members of the Armory Board shall serve without compensation, except actual and necessary expenses while traveling on business of the Board. The Attorney General of Texas in Opinion No. 0-1734, held that the trip made by General Walter B. Pyron was for State business purposes, and this fact was further corroborated by a letter written to the Attorney General by the Executive Secretary of the Board, dated January 25, 1945.

In view of the foregoing we have decided that General Pyron holds a military office as a member of the Texas National Guard Armory Board, and the Constitutional provisions applicable to civil officers have no bearing on his case. Further, we find no constitutional or statutory provision requiring the General to

reside within the State of Texas in order to serve as a member of the Armory Board, and in addition thereto the above quoted statute clearly provides that the General is entitled to his traveling expenses while traveling on business of the Board.

It is therefore our opinion that the expense account of General Walter B. Pyron should be approved by the Comptroller.

For your information there is no conflict between this opinion and our prior opinions nos. O-3456 and O-6135. In both prior opinions we were dealing with civil officers who are required by the Texas Constitution to reside within their respective counties, districts, or state, and the present opinion concerns a military officer who is not required by Constitution or statutes to reside within this State, but simply to be an officer in the Texas National Guard.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By /s/ J. C. Davis, Jr.
J. C. Davis, Jr., Assistant

APPROVED FEB 28, 1945
/s/ Carlos C. Ashley
FIRST ASSISTANT ATTORNEY GENERAL

APPROVED: OPINION COMMITTEE
BY:        AW, CHAIRMAN

JCD:fb:wb